UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISAIAS SANTOS ESCAMILLA,<br><br>Defendant. | 4:21-CR-40150-KES-01<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE<br>AND FOR APPOINTMENT<br>OF COUNSEL |

Defendant, Isaias Santos Escamilla, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions and requesting appointment of counsel. Docket 70. Plaintiff, the United States of America, opposes Santos Escamilla's motion. Docket 72. For the following reasons, Santos Escamilla's motion is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Santos Escamilla's Guideline range, based on a total offense level of 27 and a Criminal History Category of I, was 120 months in custody, and he faced a mandatory minimum sentence of 10 years in custody on the drug conspiracy charge. Docket 53 at 10; Docket 59-1 at 1. His total offense level included a 2-point enhancement for possessing a firearm. Docket 53 at 6. On July 5, 2022, the court sentenced Santos Escamilla to 120 months in custody for conspiracy to distribute a controlled substance. Docket 59 at 1-2.

On April 3, 2024, Santos Escamilla filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines. Docket 70. In his motion, Santos Escamilla seeks a modification of his sentence under the retroactive amendment applicable to zero-point offenders. Id. at 1-2. Thus, the court will analyze his motion under that provision of the recent amendments.

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines,

the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Santos Escamilla fails to meet the criteria for zero-point offenders because his offense of conviction involved the possession of a firearm during his drug conspiracy. Docket 53 at 5-6. Thus, the amendment to U.S.S.G. § 4C1.1 does not apply to his case.

Santos Escamilla also moved for appointment of counsel. Docket 70. Under the court's Amended Standing Order 19-01, the Federal Public Defender's Office was appointed to represent Santos Escamilla. After a review of his motion, the Federal Public Defender's Office filed a notice of intent not to file a supplement to Santos Escamilla's motion. Thus, Santos Escamilla's request for appointment of counsel is denied as moot.

## CONCLUSION

It is ORDERED that Santos Escamilla's motion (Docket 70) is DENIED.

Dated April 16, 2024.

                BY THE COURT:

                */s/ Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE